**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
CHRISTOPHER WARREN

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER WARREN, et al., ) <br> ) <br> DEFENDANTS. ) <br> _____ ) | NO. CR.S-09-00121 FCD <br><br> STIPULATION AND ORDER CONTINUING THE STATUS CONFERENCE TO MONDAY MARCH 15, 2010 |

    The parties to this litigation, the Unites States of America, represented by Assistant United States Attorneys Mr. Russell L. Carlberg and Mr. Matthew C. Stegman and the defendant, Christopher Warren represented by his attorney, Mr. James R. Greiner, hereby agree and stipulate that the current date set for the status conference, Monday, November 16, 2009, is can be vacated and can be rescheduled for Monday, March 15, 2010, at 10:00 a.m. in Courtroom #2 before the Honorable United States District Court Judge, Frank C. Damrell, Jr..

    Further, all of the parties, the United States of America and the defendant agree and stipulate that time under the Speedy Trial Act can be excluded under Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel time to prepare).

1

## PROCEDURAL STATUS OF THE CASE

The government filed a criminal complaint on February 5, 2009. (See Docket Entry # 1) The government filed the Indictment on March 12, 2009. (See Docket Entry # 4)

The defendant made his initial appearance on March 17, 2009, with a status conference set for April 20, 2009. (See Docket Entry # 8) The Court signed an Order on April 16, 2009, to continue the status conference to May 11, 2009. (See Docket Entry # 16) Time was excluded under the Speedy Trial Act under Title 18, section 3161(h)(7)(B)(iv) which corresponds to local code T-4, reasonable time for counsel to adequately prepare. (See Docket Entry # 16)

On May 11, 2009, defendant's counsel withdrew from representation, and the Court set June 1, 2009, as the next status conference date to appoint new counsel for the defendant. (See Docket Entry # 16) Time was excluded under the Speedy Trial Act under Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel time to prepare).

On June 1, 2009, new counsel was appointed and the case was set for a status conference on August 17, 2009. (See Docket Entry # 17) Time was excluded under the Speedy Trial Act under Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel time to prepare).

On August 17, 2009, a status conference was held and a new status conference date on November 16, 2009, was set. (See Docket Entry # 20) Time was excluded under the Speedy Trial Act under Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel time to prepare).

## STATUS OF DISCOVERY

On August 13, 2009, the government produced over 12,000 pages of discovery in this case. On November 2, 2009, the defense sent the government a twenty-one (21) page, single-spaced letter requesting additional discovery. The defense's discovery request broadly relates to three issues: (1) for access to additional materials it claims are directly related to this case; (2) for access to a significant portion of approximately 70,000 pages of materials in the case of United States v. Garret Griffith Gililland III, CR. No. S-08-376 EJG; and (3) for access to potentially hundreds of thousands of pages of documents related to the ongoing separate criminal investigation of Loomis Wealth Solutions and Nationwide Lending Group (in which Mr. Warren is a subject). The government is in the process of reviewing the twenty-one page letter and formulating a response.

## EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

Defense counsel needs substantial additional time to review the 12,000 pages of discovery already produced in this case. Moreover, the defense has retained an investigator and requires time to continue its investigation. Defense counsel represents that several additional months are justified for defense preparation alone. Defense counsel warrants that his client has been advised of his speedy trial rights and has personally consented to waiving a speedy trial in accord with this requested continuance.

Accordingly, the parties agree and stipulate that with the defense requesting additional discovery in a twenty-one (21) page discovery letter, with the case having already been declared complex by the Court, that the interests of justice in granting this request for a continuance outweighs the interests in this case for a speedy trial in this case, pursuant to Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel time to prepare).

The Court's Courtroom deputy, Ms. Michele Krueger, was contacted to ensure the Court was available on Monday, March 15, 2010, and the Court is available.

Respectfully submitted:

BENJAMIN WAGNER
UNITED STATES ATTORNEY

/s/ Russell Carlberg by in person authorization

DATED: 11-13-09      _____
Russell L. Carlberg
Matthew C. Stegman
ASSISTANT UNITED STATES ATTORNEYS
ATTORNEYS FOR THE PLAINTIFF


DATED: 11-13-09      /s/ James R. Greiner
_____
James R. Greiner
Attorney for Defendant Christopher Warren

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: November 13, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4