**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
CHRISTOPHER WARREN

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>PLAINTIFF,  )<br>  )<br>v.  )<br>  )<br>CHRISTOPHER WARREN, et al.,  )<br>  )<br>DEFENDANTS.  )<br>_____ ) | NO. CR. S-09-00121-FCD<br><br>STIPULATION AND ORDER CONTINUING THE STATUS CONFERENCE TO MONDAY SEPTEMBER 26, 2011 |

The parties to this litigation, the Unites States of America, represented by Assistant United States Attorney Mr. Russell L. Carlberg, and the defendant, Christopher Warren, represented by his attorney, Mr. James R. Greiner, hereby agree and stipulate that the current date set for the status conference, **Monday, May 23, 2011**, is can be vacated and can be rescheduled for **Monday, September 26, 2011, at 10:00 a.m.** in Courtroom #2 before the Honorable United States District Court Judge, Frank C. Damrell, Jr..

The Court's courtroom deputy, Ms. Michele Krueger, was contacted to ensure the Court was available and the Court is available on **Monday, September 26, 2011.**

Further, all of the parties, the United States of America and the defendant agree and stipulate that time under the Speedy Trial Act can be excluded under Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel time to

1 prepare) from Monday, May 23, 2011 to through and including Monday, September
2 26, 2011.

## STATUS OF DISCOVERY

In October, 2010, defense counsel received approximately 25,000 pages of discovery from the government. The government has produced an additional 15,000 plus pages of discovery in addition to a mirror image of the lap top seized from the defendant at the time of arrest.

The defense is in the process of requesting of the Court to have a computer firm in Seattle, Washington (referred to the defense by the Federal Defenders Office) open up the entire contents of the approximate 16 GB of information produced by the government. The program needed to open the information, neither the Federal Defender's office nor defense counsel has due to its high cost.

The defense is still reviewing the 15,000 plus pages the government has produced, If the Court authorizes the request to allow the Seattle computer firm to open the information on the lap top seized from the defendant at the time of arrest, the defense will need time to review the approximate 16 GB of information.

In addition, both sides have begun the process of informally discussing potential settlement of the case.

Finally, defense counsel starts a trial on Monday, June 13, 2011.

## EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The parties agree and stipulate that with the government additional discovery of approximately 15,000 plus pages and if the Court authorizes the request for allowing the Seattle computer firm to open the information contained on the lap top computer that was seized from the defendant at the time of his arrest, containing approximately 16 GB of information and with defense counsel scheduled to be in a federal trial on Monday, June 13, 2011, and with the case having already been declared complex by the Court, the interests of justice in granting this reasonable request for a continuance outweighs all other interests in this case for a speedy trial in this case, pursuant to

Title 18 section 3161(h)(7)(b)(ii) and section 3161(h)(7)(B)(iv), corresponding to **Local code T**-2 (the complexity of the case) and **Local Code T**-4 (to allow counsel time to prepare) from Monday, May 23, 2011 to through and including Monday, September 26, 2011.

                              Respectfully submitted,

                              BENJAMIN WAGNER
                              UNITED STATES ATTORNEY

DATED: 5-16-11           /s/ Russell Carlberg by e mail authorization
                              _____
                              Russell L. Carlberg
                              ASSISTANT UNITED STATES ATTORNEY
                              ATTORNEYS FOR THE PLAINTIFF

DATED: 5-16-11           /s/ James R. Greiner
                              _____
                              James R. Greiner
                              Attorney for Defendant Christopher Warren

## ORDER

Based upon the representations of counsel, the record in this case, and the agreements and stipulations between all counsel in the case, and that

All parties agree and Stipulate that this Court can make the appropriate findings supported by the record in this case that this case is complex pursuant to the Speedy Trial Act, **Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2,** which allows the Court to make the finding that this case is so unusual or so complex**,** due to the nature of the prosecution, and/or the existence of novel questions of fact or law, and/or, the existence of the amount of discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act.  In addition, the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded  for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act**.**

1  Counsel for all parties stipulate that the ends of justice are served by the Court
2  excluding such time, so that counsel for the defendant may have reasonable time
3  necessary for effective preparation, taking into account the exercise of due diligence,
4  18U.S.C. section 3161(h)(7)(B)(iv), and therefore time should be excluded under 18
5  U.S.C. section 3161(h)(7)(A) and **Local Code T-4.** Counsel for all parties agree and
6  stipulate that time under the Speedy Trial Act under both local Codes T-2 and T-4,
7  has been excluded through the entire case, up to and including Monday, May 23,
8  2011, and that the ends of justice are served by the Court excluding such time, taking
9  into consideration the entire case record, the public's right to a speedy trial, the
10 defendant's right to both a speedy trial and adequate time for counsel to adequately
11 prepare a complex case due to the amount of discovery and novel questions of both
12 law and facts and the government's right to a speedy trial.
13  The Status Conference currently set for **Monday, May 23, 2011, is vacated**,
14 and the **new Status Conference is set for Monday, September 26, 2011**, with time
15 excluded under the Speedy Trial Act **from Monday, May 23, 2011**, **through to and**
16 **including Monday, September 26, 2011,** for the reasons agreed to and stipulated by
17 the parties and as stated herein.

19  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

21  DATED: May17, 2011

23  FRANK C. DAMRELL, JR.
     UNITED STATES DISTRICT JUDGE