**BENJAMIN B. WAGNER**
**United States Attorney**
**RUSSELL L. CARLBERG**
**Assistant U.S. Attorney**
**501 I Street, Suite 10-100**
**Sacramento, California 95814**
**Telephone: (916) 554-2700**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  PLAINTIFF,<br><br>  v.<br><br>CHRISTOPHER JARED WARREN,<br>  aka Mark Andrew Seagrave,<br>  aka Anthony Han Kin, and<br><br>Scott Edward Cavell,<br>  aka Adam Kingsbury Curry<br>  aka Daniel Joseph Yriate:<br><br>  DEFENDANTS. | CR.NO.S-09-00121-FCD<br><br>STIPULATION AND [~~PROPOSED~~]<br>PROTECTIVE ORDER RE:<br>DISSEMINATION OF DISCOVERY<br>DOCUMENT AND/OR<br>INFORMATION SUBJECT TO<br>A PROTECTIVE ORDER |

   IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, Russell L. Carlberg, representing plaintiff United States of America, and James R. Greiner, attorney for defendant Christopher Jared Warren, as follows:

   1-   This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority;

   2-   This Order pertains to all discovery provided to and/or made available to Defense Counsel as part of discovery in this case (hereafter, collectively known as "the discovery");

1

3- Defense Counsel shall not disclose any of the discovery and/or information to any person and/or entity other than their respective defendant/client, and/or witnesses that they may be interviewing and/or preparing for trial and/or attorneys, law clerks, para-legals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case;

4- The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded at the conclusion of the case;

5- Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement;

6- If Defense Counsel make, or cause to be made, any further copies of any of the discovery, Defense Counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission";

7- If Defense Counsel release custody of any of the discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court;

8- Defense Counsel shall be responsible for advising his defendant/client, employees and other members of the defense team and defense witnesses of the

2

contents of this Stipulation and Order.

                                    BENJAMIN WAGNER
                                    UNITED STATES ATTORNEY

                                    /s/ Russell Carlberg

DATED: 6-13-11                         _____
                                    Russell L. Carlberg
                                    ASSISTANT UNITED STATES ATTORNEY
                                    ATTORNEY FOR THE PLAINTIFF


DATED: 6-13-11                         /s/ James R. Greiner by e mail authorization
                                    _____
                                    James R. Greiner
                                    Attorney for Defendant Christopher Warren

## **ORDER**

The stipulation of counsel in criminal case number S-09-0121-FCD, is HEREBY APPROVED.

Although the undersigned approves the parties' stipulation in this matter, counsel are advised for future reference of the requirements of Local Rule 141.1(c), which provides:

> **(c)    Requirements of a Proposed Protective Order.** All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective order shall contain the following provisions:
>
>     (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
>     (2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

The parties' stipulation does not make the showing required by Local Rule 141.1(c). Such stipulations will not be approved in the future absent a proper showing under Local Rule 141.1(c).

   IT IS SO ORDERED.

DATED: June 14, 2011

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN:nkd

4