```
                  UNITED STATES DISTRICT COURT

                 EASTERN DISTRICT OF CALIFORNIA

                            --o0o--

UNITED STATES OF AMERICA,    )  Case No. 2:09-cr-00121-JAM
                             )
              Plaintiff,     )  Sacramento, California
                             )  Tuesday, March 17, 2009
     vs.                     )  2:07 P.M.
                             )
CHRISTOPHER JARED WARREN,    )  Hearing re:  initial
                             )  appearance; arraignment.
              Defendant.     )
                             )

                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:               RUSSELL L. CARLBERG
                             MATTHEW C. STEGMAN
                             U.S. Attorney's Office
                             501 I Street, Suite 10-100
                             Sacramento, CA   95814
                             (916) 554-2700

For Defendant:               DONALD H. HELLER
                             A Law Corporation
                             701 University Avenue, Suite 100
                             Sacramento, CA   95825
                             (916) 974-3500

Court Recorder:              JONATHAN ANDERSON
                             U.S. District Court
                             501 I Street, Suite 4-200
                             Sacramento, CA   95814
                             (916) 930-4072

Transcription Service:       Petrilla Reporting &
                                Transcription
                             5002 - 61st Street
                             Sacramento, CA   95820
                             (916) 455-3887

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1

```
 1      SACRAMENTO, CALIFORNIA, TUESDAY, MARCH 17, 2009, 2:07 P.M.
 2
 3          (Call to order of the Court.)
 4          THE CLERK:  Calling Criminal 9-0121-FCD, United
 5  States v. Christopher J. Warren.  Your Honor, this on calendar
 6  for defendant's initial appearance.
 7          MR. HELLER:  Good afternoon, Your Honor.  Donald H.
 8  Heller for the defendant.
 9          MR. CARLBERG:  Good afternoon, Your Honor.  Russell
10  Carlberg for the United States.
11          MR. STEGMAN:  Your Honor, Matthew Stegman for the
12  United States.
13          THE COURT:  All right.  Good afternoon, Mr. Stegman
14  and Mr. Carlberg.
15          All right.  This is the defendant's initial
16  appearance on the indictment.
17          Mr. Warren, you have the right to counsel throughout
18  these proceedings.  This includes the right to retain an
19  attorney of your own choosing.  It also includes the right to
20  have an attorney appointed for you if you cannot afford to hire
21  an attorney.  Mr. Heller, are you retained in this matter?
22          MR. HELLER:  I'm retained, Your Honor.
23          THE COURT:  All right.  Mr. Warren --
24          MR. HELLER:  I will be retained.  I have not made
25  formal arrangements, and it may well be it will be a CJA
```

1  appointment.  I've been representing him since August.
2          THE COURT:  All right.  Are you making then a limited
3  appearance then for today?
4          MR. HELLER:  You know what?  I'm going to make an
5  appearance.  How it ends up, I'm not sure, but I think as long
6  as he's fully cooperative with me, I'll be his lawyer.
7          THE COURT:  All right.  Then your general apperance
8  then is noted.
9          MR. HELLER:  Yes.
10          THE COURT:  Mr. Warren, you have the right to remain
11  silent.  You're not required to make any statement and anything
12  that you do say can be used against you.
13          Mr. Heller, has the defendant received a copy of the
14  indictment and had the opportunity to review it?
15          MR. HELLER:  He has.  I have done that with him, Your
16  Honor, and waive a full reading of the indictment.
17          THE COURT:  All right.  Thank you, Mr. Heller.
18          Mr. Warren, you've been charged in counts 1 through
19  28 of the indictment with wire fraud in violation of Title 18
20  United States Code, Section 1343.  If convicted of these
21  charges, the maximum penalties that you face as to each count
22  are a term of imprisonment of up to 20 years, a term of
23  supervised release of up to three years, a fine of up to
24  $250,000, and a special assessment of $100.
25          You have been charged in counts 29 through 35 of the

1  indictment with money laundering in violation of Title 18 U.S.
2  Code, Section 1956(a)(1)(B)(i).  If convicted of these charges,
3  the maximum penalties that you face as to each count are a term
4  of imprisonment of up to 20 years, a term of supervised release
5  of up to three years, a fine of up to $500,000 or twice the
6  value of the property involved, whichever is greater, and a
7  special assessment of $100.
8         You have been charged in counts 36 through 40 of the
9  indictment with engaging in monetary transactions in criminally
10 derived property of a value greater than $10,000 in violation
11 of Title 18, U.S. Code Section 1957.  If convicted of this
12 charge, the maximum penalties that you face as to each count
13 are a prison term of up to 10 years, a term of supervised
14 release of up to three years, a fine of up to $250,000 and a
15 special assessment of $100.
16        You have been charged in counts 41 and 42 of the
17 indictment with making false statements in an application for a
18 passport in violation of Title 18 U.S. Code Section 1542.  If
19 convicted of these charges, the maximum penalties that you face
20 as to each count are a prison term of up to 10 years a term of
21 supervised release of up to three years, a fine of up to
22 $250,000 and a special assessment of $100.
23         As to counts 43 and 44 of the indictment, you have
24 been charged with aggravated identity theft in violation of
25 Title 18 U.S. Code Section 1028(a).  If convicted of these

1   charges, the maximum penalties that you face as to each count
2   are a prison term of up to two years, consecutive to any other
3   sentence that might be imposed as to the other charges, a term
4   of supervised release of up to three years, and a fine of up to
5   $250,000 and a special assessment of $100.
6           Mr. Stegman, Mr. Carlberg, have I covered all of the
7   charges in the indictment?
8           MR. CARLBERG:  Yes, Your Honor, you have.
9           THE COURT:  All right.  Mr. Heller, does the
10  defendant wish to enter a plea of not guilty as to the charges
11  and request a jury trial?
12          MR. HELLER:  He will enter a plea of not guilty to
13  the charges, Your Honor.
14          THE COURT:  All right.  That plea of not guilty is
15  hereby entered, as is the request for jury trial.
16          Is the government moving for detention?
17          MR. CARLBERG:  Yes, Your Honor.  The government moves
18  for detention based on the fact that the defendant is both a
19  flight risk and a -- certainly a financial danger to the
20  community.  The Pretrial Services report bullets out some of
21  the reasons why he's a flight risk, and I could in a nutshell
22  highlight a few of them, and if there's an argument against it,
23  then I would reserve, or I could make a more full presentation.
24  But in a nutshell, the defendant stole identities, obtained --
25  fraudulently obtained passports, used -- transferred over $5

million overseas, which is largely unaccounted for to this day and went to Lebanon and then came back to the country under a false passport and was arrested with $70,000 in his cowboy boots, platinum, and evidence that he had obtained gold worth about a million dollars.  That was just on his person, and there's documents evidencing that.

So we would submit that he's certainly a flight risk based on the previous flight, and based on the fact that he has millions of dollars at his disposal overseas, and has proven quite adept at obtaining false identities, and assuming new identifies and fleeing.

THE COURT:  I have the Pretrial Services report from the Western District of New York.  Was there a Pretrial Services report prepared in this district?

PRETRIAL SERVICES OFFICER:  No, Your Honor.

THE COURT:  All right.  I do have the report from New York, which recounts the facts that the government has already. Mr. Heller do you wish to be heard?

MR. HELLER:  Well, other than to indicate no one's perfect, we're not going to challenge detention, Your Honor.

THE COURT:  All right.  Given that the defendant was a fugitive at the time of his arrest --

MR. HELLER:  Yes.

THE COURT:  -- I assumed you'd submit it.  For the reasons stated in the Pretrial Services report, I do find the

6

1  defendant a flight risk and I'm ordering the defendant
2  detained.
3          Sas to further scheduling, do you want to set this
4  for a status conference?
5          MR. HELLER:  Your Honor, I was just given a great
6  deal of discovery to review by Mr. Carlberg.  There's a lot of
7  electronic documents I need to take a look at.  What I'd like
8  to do is put it over to April 20th, indicate that it's
9  specifically at my request to review -- to get prepared and it
10 certainly would result in a stopping of the Speedy Trial Act
11 clock, and I think if we could stipulate to that.
12         THE COURT:  All right.  Mr. Clerk, can you confirm
13 that April 20th is an available date for a status conference?
14         THE CLERK:  Yes, sir, at 10:00 a.m.
15         THE COURT:  And this is Judge Damrell?
16         MR. HELLER:  Judge Damrell.
17         THE COURT:  All right.  That will be the order, then.
18 The matter is set for status conference for April 20 at 10:00
19 a.m. before Judge Damrell and Mr. Carlberg, as to an exclusion
20 of time, I assume the government concurs with that?
21         MR. CARLBERG:  Yes, Your Honor, the government would
22 concur.  And there's more discovery to be forthcoming and we
23 would probably also present a protective order to the Court
24 because there's a lot of names of victims and personal
25 identifying information that would not be easy to redact, and

1  Mr. Heller has indicated that he would review such a proposed
2  order.  And he indicates he is at least initially amenable to a
3  joining in that motion.
4          MR. HELLER:  I'll join in it, Your Honor.  It's -- I
5  understand the reason, and I would concur with the reasons.  So
6  it will be for my eyes only, and anything I'll give to my
7  client will be redacted so that there's no personal
8  identification information that he ever looks at in this case.
9          THE COURT:  All right.  Once you've worked out the
10 language to that, and have both signed it and submit it, and
11 I'll sign the order.
12         MR. CARLBERG:  Thank you, Your Honor.  And Mr.
13 Stegman points that as keeping with our track in some of these
14 cases, there is an error in the penalty slip, Your Honor.  Mr.
15 Stegman?
16         MR. STEGMAN:  Your Honor, as to 1957, the 1957
17 counts, which are counts --
18         THE COURT:  Counts 36 to 40.
19         MR. STEGMAN:  Correct.  The fine is not only the
20 $250,000, but there's also an alternative fine that may be
21 imposed of up to twice the value of the property criminally
22 derived, and in this case, at least one of the counts is over a
23 million dollars, so that may apply in this case.
24         THE COURT:  All right.  Mr. Warren, as to counts 36
25 to 40 of the indictment that charge a violation of Title 18

1  U.S. Code Section 1957, that is engaging in monetary
2  transactions and criminally derived property, the maximum fine
3  in that -- on those counts, as to each count is $250,000 or up
4  to twice the amount of the value of the property involved in
5  the transaction, whichever is greater.
6          All right.  As to the exclusion of time, I do find
7  excludable time under Local Code T4.  I think I've already set
8  the date of April 20 for the status conference.  Is there
9  anything else that we need to cover?
10             MR. HELLER:  No, Your Honor.
11             MR. CARLBERG:  No, Your Honor.  Thank you.
12             THE COURT:  All right.  Thank you, counsel.
13             MR. HELLER:  Happy St. Patrick's day.
14     (Whereupon the hearing in the above-entitled matter was
15  adjourned at 2:17 p.m.)
16                            --o0o--
17                           CERTIFICATE
18     I certify that the foregoing is a correct transcript from
19  the electronic sound recording of the proceedings in the above-
20  entitled matter.
21
22  _____     December 8, 2011
23  Patricia A. Petrilla, Transcriber
24  AAERT CERT*D-113
25