IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---o0o---

BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

---o0o---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                         No. CR. S-09-121

CHRISTOPHER JARED WARREN,

        Defendant.

_____/

---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE

TUESDAY, SEPTEMEBER 27, 2011

---o0o---

Reported by:   KATHY L. SWINHART, CSR #10150

```
 1                        APPEARANCES

 2


 3    For the Plaintiff:

 4          BENJAMIN B. WAGNER
            United States Attorney
 5          501 I Street, Suite 10-100
            Sacramento, California  95814
 6          BY:    RUSSELL L. CARLBERG
                   Assistant U.S. Attorney
 7

 8    For the Defendant:

 9          LAW OFFICES OF JAMES R. GREINER
            555 University Avenue, Suite 290
10          Sacramento, California  95825
            BY:    JAMES RALPH GREINER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  SACRAMENTO, CALIFORNIA

 2            TUESDAY, SEPTEMBER 27, 2011, 9:43 A.M.

 3                         ---o0o---

 4         THE CLERK:  Criminal S-09-121, the United States

 5   versus Christopher J. Warren.

 6         MR. CARLBERG:  Good morning, Your Honor.  Russell

 7   Carlberg for the United States.

 8         THE COURT:  Good morning.

 9         MR. GREINER:  Good morning, Your Honor.  James Greiner

10   representing Christopher Warren.  This is the first appearance

11   before Your Honor because it has been reassigned.  Mr. Warren

12   has a waiver of presence on file.  It was filed August 13th,

13   2009.  It's docket No. 19.

14         THE COURT:  All right.  So the obvious question is why

15   is this case still around?

16         MR. GREINER:  Yes, Your Honor, if I might.  Let me

17   give you just a brief summary of what's going on.

18         The last stipulation that we filed with the Court was

19   back in May.  At that time, I was still reviewing with the

20   client 15,000 pages that the government had recently given to

21   us on top of the other discovery that we had.  Since that

22   time, I have received also another thumb drive of

23   approximately 15 to 20,000 pages from the government.  I can't

24   represent --

25         THE COURT:  Just recently or --
```

1         MR. GREINER:  Well, that's what I'm getting to.  I
2    can't represent to the Court exactly when I got that because
3    my computer crashed last week.  I know I got it sometime
4    toward the end of August.
5         What happened was, we had to get authorization to have
6    a firm up in Seattle take the material that was given to us
7    and put it on a thumb drive and put it into search --
8         THE COURT:  I don't need details.
9         MR. GREINER:  Okay.
10        THE COURT:  Let me ask, Mr. Carlberg, what's the
11   status of the co-defendant?
12        MR. CARLBERG:  He's a fugitive, Your Honor.
13        THE COURT:  Okay.
14        MR. CARLBERG:  As was Mr. Warren before he was
15   arrested crossing the border.
16        THE COURT:  When was Warren arrested?
17        MR. CARLBERG:  In 2008.  He -- this case was indicted
18   in March of 2008.  He's been in custody since March of two --
19   February of 2008, I believe.
20        THE COURT:  2009 you mean, correct?  Indicted in March
21   of 2009 it says.
22        MR. CARLBERG:  I'm sorry.  Then there's an error in
23   the file.  You're correct, Your Honor.
24        THE COURT:  Okay.  And then the second question is why
25   is there still discovery being given to the defense two years

1   after the indictment?

2          MR. CARLBERG:  Your Honor, this case is actually a
3   fairly straightforward case.  Mr. Warren stole about eight
4   million --

5          THE COURT:  Why don't you answer my question first
6   without telling me about the case.

7          MR. CARLBERG:  Sure.  Okay.  Mr. Warren is involved in
8   an investigation of another matter, Loomis Wall Solutions.
9   There were some thumb drives that were left behind in a hotel
10  when he fled to Beirut, Lebanon, and things of that nature.
11  Mr. Greiner wrote me about a 30-page, single-spaced discovery
12  letter asking for incredible amounts of things.  After some
13  back and forth, we were able to locate a few items and provide
14  them to Mr. Greiner.  I don't think they have any real bearing
15  on this particular case, but they concern Mr. Warren's overall
16  conduct.

17         THE COURT:  Okay.  Let me try my question again.  Why
18  is discovery still being produced two years after the
19  indictment?

20         MR. CARLBERG:  Your Honor, there is -- it is not
21  really discovery.  It is simply things that were in the
22  possession of the defendant that were turned over upon
23  request.  And they -- Mr. Greiner -- there is an issue with
24  copying some of the material and resources in terms of
25  providing a thumb drive that was large enough to copy it, so

1  this has been in process for quite some time.  And the
2  government didn't believe any of it was particularly
3  necessary.
4          It's been available for inspection.  Part of the
5  problem is the technical issues of inspecting it frankly.
6          THE COURT:  Okay.
7          MR. CARLBERG:  But everything has been provided --
8          THE COURT:  You're telling me Warren was a fugitive?
9          MR. CARLBERG:  Yes.
10         THE COURT:  But he's out now?
11         MR. CARLBERG:  No, he's in custody.
12         MR. GREINER:  He's in custody.
13         THE COURT:  You're just waiving his appearance?
14         MR. GREINER:  Correct, Your Honor.
15         THE COURT:  Why?
16         MR. GREINER:  Well, basically --
17         THE COURT:  He doesn't want to be here?
18         MR. GREINER:  Correct.
19         THE COURT:  Okay.  All right.  I'm up to speed.
20 What's going to happen?  Other than I'm going to set a trial
21 date soon, just so you know.
22         MR. GREINER:  Absolutely. And here's -- if the Court
23 pleases, here's what the defense would propose.
24         The bottom line is that it's based upon excluding time
25 under the Speedy Trial Act, and I'll get to that.  We have

1  that 15,000 pages that we're still going through.  I
2  anticipate to be able to go through all of that, talk to Mr.
3  Warren about any type of plea from the government, figure out
4  which direction he wants to go.
5          THE COURT:  Is there an offer?
6          MR. GREINER:  There's been informal discussions, yes.
7          THE COURT:  So there's not a formal offer yet.
8          MR. GREINER:  There is not a formal offer --
9          THE COURT:  Okay.
10         MR. GREINER:  -- but there's been informal
11  discussions.
12         My suggestion to the Court would be to come back on
13  Tuesday, December 6th.  At that time, we would be either ready
14  to plead or set motions and a trial date.
15         THE COURT:  Well, I like the plea or set a trial date.
16  I don't like the set motions, because that's just going to
17  delay the case even more.
18         Have you been in since the beginning, since 2009?
19         MR. GREINER:  No, Judge.
20         THE COURT:  When did you get appointed?
21         MR. GREINER:  I got appointed in June 2009.
22         THE COURT:  So you have been in since June 2009.
23         MR. GREINER:  Since 2009.  It was indicted in March.
24         THE COURT:  Okay.  And in two years you haven't
25  figured out if you need to file motions?

1         MR. GREINER:  Challenging situation, challenging
2  facts.
3         THE COURT:  All right.  We'll come back on December 6,
4  2011, at 9:30 for further status.  Given what I've heard, I'm
5  assuming you want to have me make a finding that it's complex
6  and that, for preparation of counsel, I should exclude time,
7  correct?
8         MR. GREINER:  Yes, under 3161(h)(7)(B)(2) and (B)(4),
9  and that the ends of justice served by granting this
10 continuance outweigh the public's right and the defendant's
11 right to a speedy trial in this matter under 3161(h)(7)(A).
12        THE COURT:  I'll make that finding as well.
13        Do you agree, Mr. Carlberg?
14        MR. CARLBERG:  Yes, Your Honor.
15        THE COURT:  Okay.  I'm not going to take a position on
16 any motions other than, Mr. Greiner, if you think you're going
17 to need to file motions, you're going to have to convince me
18 that the motions have some merit when you come back on
19 December 6th if there isn't a plea.
20        MR. GREINER:  Yes, Your Honor.
21        THE COURT:  Okay.  We'll come back, as I said, on
22 December 6th.  I'll exclude time between now and December 6th
23 under the Speedy Trial Act for the reasons stated under our
24 local codes T-4 and T-2.  See you in December.
25        MR. GREINER:  Thank you, Judge.

1           MR. CARLBERG:  Thank you, Judge.
2           THE COURT:  Let's have the defendant here in December.
3           MR. GREINER:  Yes, Your Honor.  Procedurally do you
4    want me to withdraw the waiver so there is --
5           THE COURT:  I think he should be here.
6           MR. GREINER:  Okay.  Thank you.
7                (Proceedings were concluded at 9:49 a.m.)
8                            ---o0o---

1    I certify that the foregoing is a correct transcript

2    from the record of proceedings in the above-entitled matter.

3

4

                                    /s/ Kathy L. Swinhart

5                                      KATHY L. SWINHART, CSR #10150

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347