PHILLIP A. TALBERT
United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:09-CR-00121 JAM |
|---|---|
| Plaintiff, | SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| CHRISTOPHER JARED WARREN, | |
| Defendant. | |

One day after filing the underlying brief, it came to the government's attention that the Ninth Circuit published an opinion regarding the standard for a district court's consideration of a motion for early termination of supervised release. The opinion was published one week before. *United States v. Ponce*, No. 21-30009, 2022 WL 98133 (9th Cir. Jan. 11, 2022).

In *Ponce*, a district court cited a Ninth Circuit decision—*United States v. Evertson*, 2011 WL 841056 (D. Idaho Mar. 7, 2011)—that incorporated a misstatement of law from the court's unpublished decision in *United States v. Smith*, 219 F. App'x 666, 668 (9th Cir. 2007) regarding the standard applying to early terminations. The district court then denied the defendant's request for early termination. The Ninth Circuit found that the district court's denial could have been incorrectly informed by *Everston* to impose an improper "blanket rule" that early termination requires exceptional circumstances. *Ponce* WL 98133 at *6.

The *Ponce* court reiterated the *correct* standard by directly quoting Section 3583(e)(1) and *United States v. Emmett*, 749 F.3d 817, 820–21 (9th Cir. 2014):

> "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *Emmett*, 749 F.3d at 819. Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)). We determined in *Emmett* that "[t]he text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship." *Id.*

*Ponce* WL 98133 at *6.

The Ninth Circuit panel could not tell whether the district court actually relied on the "blanket rule" in *Everston*, therefore it remanded to allow reconsideration and ensure that *Everston's* "blanket rule" was not applied. *Ponce* WL 98133 at *8.

Here, the government's opposition did not cite to *Everston*, *Smith*, or the four identified district court cases identified as having relied on *Everston*.[1] Furthermore, in describing the proper standard, the government does not advocate for the "blanket rule" or a categorical approach, which are the impermissible standards under *Ponce*. Rather, the government portrays the standard directly from 18 U.S.C. § 3583(e)(1), *Emmett*, 749 F.3d at 820–21, and *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006), *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000). *See* Gov. Br. 3-5.

But perhaps most importantly, the government does not argue that Warren is categorically required to demonstrate undue hardship to win early release.[2] Rather, the government argues that lack of hardship, combined with the conspicuous absence of the $5.5 million in stolen assets, are—

---

[1] The *Ponce* Court cited the following district court cases that cited to *Everston*: *United States v. Haworth*, No. 4:05-cr-00014-BLW-4, 2021 WL 781369, at *2 (D. Idaho Mar. 1, 2021); *United States v. Allen*, No. 2:10-cr-000063-BLW, 2021 WL 781507, at *2 (D. Idaho Mar. 1, 2021); *United States v. Turpin*, No. 1:18-cr-00031-BLW, 2020 WL 3052674, at *2 (D. Idaho June 8, 2020); *United States v. Dixon*, No. 1:16-cr-00036-BLW, 2019 WL 148649, at *1 (D. Idaho Jan. 8, 2019).

[2] Rather, the government's brief argues non-categorically: "The court may consider, among other factors, the absence of an undue burden on the defendant in finding that early termination is not in 'the interest of justice.'" Gov. Br. at 5.

together—sufficient reasons to deny Warren's request to be free from the Special Conditions bearing on his requirement to provide information about his assets and finances while under supervised release. Gov. Br. at 7.

The *Ponce* decision, therefore, does not change the government's position or argument in opposing Warren's request for early termination. Furthermore, *Ponce* re-confirms that the Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Ponce* WL 98133 at *8 *quoting Emmett*, 749 F.3d at 819 and Section 3583(e)(1).

Dated: January 19, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ PAUL HEMESATH
PAUL HEMESATH
Assistant United States Attorney