DENNIS S. WAKS, #142581
Attorney at Law
P. O. Box 2655
Sacramento, CA 95812-2655
Tel: 916-498-9871


Attorney for Defendant
CHRISTOPHER J. WARREN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. WARREN,<br><br>Defendant. | Case No. 2:09- cr-00121--JAM<br><br>REPLY TO THE GOVERNMENTS OPPOSITION TO MR WARREN'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Date:  February 8, 2021<br>Time:  9:30 a.m.<br>Judge: Hon. JOHN A. MENDEZ. |

**TO:    UNITED STATES ATTORNEY PHILLIP A. TALBERT and ASSISTANT UNITED STATES ATTORNEY PAUL J. HEMESATH:**

PLEASE TAKE NOTICE that on February 8, 2022 at 9:30 a.m. or as soon thereafter as the matter may be reviewed by the Court, CHRISTOPHER J. WARREN moves for early termination of his term of supervised release (TSR) pursuant to 18 U.S.C. § 3583(e)(1).

I.     **INTRODUCTION**

MR WARREN hereby moves the Court to terminate on February 8, 2022, the rest of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). As discussed in our earlier filed Motion, MR WARREN was originally sentenced to a 36-month term of supervised release which began on July 15, 2020; MR WARREN completed 18 months of his Supervision on January 16, 2022. The Assistant United States Attorney (AUSA), Paul Hemesath in an Opposition filed January 18, 2022 has opposed MR WARREN'S request for early termination.

1

However, the Government's recent filing in Opposition to the early termination of MR WARREN'S TSR does not fully reflect what this Court should consider in deciding whether to grant an early TSR termination for MR WARREN. His underlying offense behavior, as reviewed by the government in much of its Opposition, is not in dispute. MR WARREN plead guilty and has served his time. For that conduct, MR WARREN received, successfully served and completed 175 months in custody.

The two things that appear in the government's Opposition that gives them difficulty are as follows:

1-That when a person has been "under supervision for at least 18 months… there is a presumption in favor of recommending early termination for…supervised releasees". *Guide to Judiciary Policy*, Vol. 8, (Probation and Pretrial Services) Part E (Post-Conviction Supervision), Section 360.20 (b)-(c) (July 2, 2018).  For reasons that are not totally clear, the government cannot find the reference. Case law was previously provided to the government showing the Policy; a copy of Vol. 8E to the Judicial Policy was provided as well. Cases in this District and multiple other Circuits reference this same Judicial Guide. A simple Google request should bring one to the Policy.

Nevertheless, it is a standard to be used and is recommended by the Judicial Conference in TSR early termination matters. The Court has the statutory authority after serving one year to terminate MR WARRENS TSR if it is "warranted by the conduct of the defendant released" and it is in "the interest of justice".  After those two prongs are satisfied, as was shown in MR WARRENS original Motion, the Court must consider the numerous statutory factors in 18 U.S.C. 3553(a); this was discussed in detail in our earlier Motion. Lastly, since MR WARREN has completed over 18 months on supervision, "there is a presumption in favor of recommending early termination for persons who meet the following [6] criteria" as discussed in our attached Exhibit.  MR WARREN has successfully satisfied all 6 criteria the Judicial Conference uses to "guide courts and Probation Officers in determining whether early termination is warranted."

In the enclosed *U.S. v. Shaw*, Criminal Action No. 11-cr-004060 CMA, over the objection of both the government and probation, Judge Arguello discussed in excellent detail the

history Ordering release of early TSR and its 18-month presumption for granting early release to Mr. Shaw. (*Id* at 6). *See* other cases which also discuss the presumption for granting an early release if the supervisee has completed over 18 months on supervision. See *U.S. v. Steffey*, 2:12-cr-0083-APG-GWF; the court grants defendant's motion where he "satisfies this [18 month] presumption and the Government has offered no evidence to rebut it". (*Id*. 2). In *U.S. v. Horton*, Case No. 03-20003-09-JWL (Dist. Of Kansas, 2003) after the defendant had only served 13 months of a 60-month term, the court denied (4/2/2020) her motion but stated that "Ms. Horton may file another motion in the future if additional circumstances warrant a re-examination of the issues, particularly after she **qualifies for the presumption in favor of release**." (Doc. at 743) (Emphasis added); *See also U.S. v. Martinson*, where the Honorable William B. Shubb enters an Order of termination that discussed the 18-month presumption after he follows certain criteria, section 380.10 (g), now section 360.20 of the *Guide to Judiciary Policy*, Post-Conviction Supervision.

    2-The government seems to believe that MR WARREN has $5.5 million in gold located somewhere. With all of its unlimited resources and multiple investigative agencies, domestic and foreign, if this gold does exist with MR WARREN, how could he possible use it? Every financial step MR WARREN takes now and for the rest of his life, the government will be looking at his financial activities. However, MR WARREN does not have it. If he did why would he have returned to the United States? It would have been more reasonable for him to have taken his gold and stayed in Lebanon or gone to another country with his new wealth and lived outside the reaches of the US government. Instead, he returned to the US with a few thousand dollars in his boot (seized of course upon his return) and allowed himself to be placed immediately into custody. While in custody, in 2012, MR WARREN met with former AUSA Russell Carlberg, IRS Agent Chris Fitzpatrick, FBI Agent John Summercamp and two other individuals from the US Attorney's FLU unit and told them everything he knew about the gold in question. Whether the government followed up on that information or pursued it further is unknown.

Why is the government not asking co-conspirator Scott Cavell the same question about the gold? Mr. Cavell went to Ireland for several years until located, arrested and brought back to the US in custody. While in Ireland Mr. Cavell had several years to secrete the gold into multiple locations. Additionally, while in Ireland Mr. Cavell had set up a marijuana business, growing and selling his product through a store he had. It would seem most logical that Mr. Cavell has information about this matter.

It appears that the government wants to point an accusatory finger at MR WARREN because in all truthfulness, they really don't have much meaningful or legal reasons to object to his early termination request.

The two probation officers assigned to MR WARREN'S case both indicate, according to the government's own Opposition, that they will <u>not</u> object to MR WARREN'S early release from TSR. Officer Olea added that there was no programming through probation that would benefit MR WARREN. Officer Reyes said that MR WARREN "did more than what was expected" of him. He remains currently on an "Administrative Caseload" requiring only a monthly report to be sent electronically each month; furthermore, MR WARREN is now allowed by Officer Olea to travel anywhere in the U.S. without seeking prior permission; she stated in an August, 2021 email that "Due to your compliance, you can travel within the continental U.S.".

In *U.S. v Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) it clarifies that 18 U.S.C. 3583 (e) "does not support a legal standard that categorically request a petitioner to demonstrate undue hardship", and MR WARREN is not suggesting a hardship. However, in the governments papers it states "Indeed, compliance is to be expected while on supervised release and does not, alone, warrant early termination". In thus stating that fact, the government ignores what Officer Reyes stated that MR WARREN "did more than what was expected". The government ignores MR WARREN'S paying toward restitution; paying child support without being court ordered; participating in community service events; obtaining a graduate degree and receiving multiple character letters confirming his good character from those who knew him before he entered and after he was released from custody. Regardless of who has the initial burden, there is no burden on MR WARREN to show evidence of exceptional behavior or unforeseen circumstances or that he has not carried his limited burden to show that it is in the "interest of justice" to terminate

4

early his TSR. *See* the very recent case of *U.S.* v. *Ponce*, No. 21-30009, 2222 WL 98133 (9th Cir. 2022).

Today MR WARREN is a hard-working employee who only wants to go on with his life. He wants to be more available to his family, to his Church and to his work. Additional supervision is no longer needed or warranted and a waste of taxpayer funds. He is only asking for a nearly 17-month early release from his TSR supervision so he can continue with his community service by servicing inmates and their families in prison and county jails; his ability to enter state and federal institutions is severally blocked by Wardens who prohibit defendants on Supervision from entering their locked facilities.

## II. MR WARREN SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

MR WARREN satisfies all factors set forth for early termination. As of February 8, 2022, he will have completed over 18 months of his original 36-month term of supervision and does not require any further programming or treatment. MR WARREN has tested clean, and he has had no new arrests or law enforcement contacts while on his term of supervision.

## III. SUMMARY OF COMPLIANCE

Since he has completed over 50% of his term of supervision, MR WARREN has complied with all Court conditions of Supervised Release. He has demonstrated stability within the community and has remained clean and sober and is not identified as a danger to the community. Chris has demonstrated that he is a low risk to the safety of the community and apparently, even his federal Probation Officer believes that he is not a risk to the community, by their non opposition to our Motion.

He is now voluntarily involved in his non-court ordered community service; has paid his penalty assessment, is attempting to pay off his restitution; has successfully completed over 18 months of his 36 months ordered TSR without any violations; he has successfully completed the 500 hour Residential Drug Abuse Program and he is not drinking or doing illegal drugs; he has

received numerous college degrees since his arrest, including a Master's of Science degree; was recently married and supports his 3 children; has close friends and family support; has a full time job; has joined a Church and a men's fellowship group (see enclosed letters), is volunteering to do additional community service and is not a danger but a benefit to his community. These positive actions are more than just "in compliance with his release conditions," as characterized by the AUSA, but he has advanced "far beyond" the court ordered conditions.

According to the Government, though both of the Federal Probation Officers do not support early termination, they both do not oppose his receiving an early termination since Chris has put in his 18 months. Both of the Probation Officers "non-support" for early termination verses their "non opposition" is very similar and one could argue that they were almost a distinction without a difference.

IV.   RECOMMENDATION

MR WARREN has complied with all requirements of his 3-year term of supervised release according to his Probation Officers. MR WARREN has fully reintegrated into the community and does not need supervised release to provide him with any additional training or treatment. The time and resources should be saved for other newly released federal inmates that could use the additional time and attention. This Motion/Reply is requesting that the term of MR WARREN'S Supervised Release be terminated as of February 8, 2022, under 18 U.S.C. § 3583(e).  Should the Court feel that a hearing is unnecessary, a proposed order is attached to this Reply.

Dated: January 28, 2022

/s/Dennis S Waks
DENNIS S. WAKS
Attorney for CHRISTOPHER J. WARREN